### No. 42,142

GERALD RAYMOND MOONE, *Appellant* (Petitioner), v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee* (Respondent).

(357 P. 2d 808)

Opinion filed December 10, 1960.

Gerald Raymond Moone, *pro se.*

J. *Richard Foth,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the appellee's (respondent's) motion to deny writ of habeas corpus.

*Per Curiam:* This action was originally docketed as an appeal from a judgment entered April 22, 1960, by the district court of Leavenworth County denying the appellant's petition for a writ of habeas corpus. On June 3, 1960, pursuant to the appellant's application, an order was entered permitting him to file an original

application in habeas corpus. Thereafter the appellant filed documents entitled "Abstract" and "Brief" in the nature of an original petition for a writ of habeas corpus.

The petitioner, presently confined in the Kansas State Penitentiary pursuant to a conviction in the district court of Dickinson County, Kansas, on September 15, 1959, was represented by counsel in that action and entered a voluntary plea of guilty to robbery in the first degree and to grand larceny. He was sentenced as provided by law for each of the offenses.

Though not too clear, the petitioner apparently contends the "Kansas Robbery Statute" is "A Bill of Attainder" and an "*Ex Post Facto* Law" because it "does not provide a judicial trial by jury." This contention stems from the fact that petitioner pleaded guilty and was therefore not tried by a jury. As applied to the petitioner G. S. 1949, 21-527, is not a bill of attainder or an *ex post facto* law, since it has been in effect for many years prior to September 6, 1959, the date petitioner was alleged to have committed the offenses for which he was convicted.

Petitioner's contentions are frivolous and unfounded. He is lawfully confined pursuant to two valid and unexpired sentences imposed by the district court of Dickinson County.

Considered as an appeal, the judgment of the lower court is affirmed; but considered as an original writ in habeas corpus, the writ is denied.